

# The Attorney General of Texas

November 14, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

:1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Donald J. Kerr
Executive Director
Texas National Guard Armory Board
P. O. Box 5218
Austin, Texas    78763

Opinion No.  JM-233

Re:  Whether the Texas National
Guard Armory Board may exchange
certain property

Dear Mr. Kerr:

You ask whether the Texas National Guard Armory Board may exchange state-owned property for a different property equally suitable for Armory Board purposes and with an established value equal to or greater than that of the state-owned property which would be exchanged. We conclude that the Texas National Guard Armory Board is authorized to exchange such property.

Title 97A, V.T.C.S., contains the statutory provisions governing the Texas National Guard Armory Board. The Armory Board is a state agency created by article 5931-1 of that title. Included in the Armory Board's specific powers is the power to "exchange or sell as hereinafter provided" property acquired by the Armory Board and property on which the buildings have been constructed. Subdivisions (6) and (7) of article 5931-5.(a) authorize the board:

> (6) to acquire, by gift or purchase, for use as building sites or for any other purposes deemed by said Board to be necessary in connection with or for the use of units of the Texas National Guard, property of any and every description, whether real, personal or mixed, including, but without limitation on the foregoing, leasehold estates in real property, and hold, maintain, sublease, convey, and <u>exchange or sell as hereinafter provided</u>, such property. . . .

> (7) to construct buildings on any of its real property, whether held in fee simple or otherwise, and to furnish and equip the same and to hold, manage and maintain all of said property . . . and to lease and sublease, convey and <u>exchange, or sell as hereinafter provided</u>, in whole or in part, all of its property. . . . (Emphasis added).

Subject to constitutional limitations, the disposition of state-owned land is a matter over which the legislature has exclusive control. The power of an agency of the state to convey state property may be exercised only under the legislature's authorization. See Lorino v. Crawford Packing Co., 175 S.W.2d 410, 414 (Tex. 1943); Conley v. Daughters of the Republic, 156 S.W. 197, 200 (Tex. 1913); Attorney General Opinions JM-149 (1984); MW-62 (1979); C-207 (1964); V-787 (1949); V-320 (1947).

The legislature did not expressly specify in Title 97A the manner in which the Armory Board may exercise its authority to exchange state-owned property except that article 5931-10 provides that

> [a]ny sale or deed made pursuant to the terms of this Act shall reserve unto the State of Texas a one-sixteenth mineral interest free of cost of production. . . .

We believe that a deed of state-owned property by the Armory Board to effect an exchange of property is a "deed made pursuant to the terms of this Act." We are not aware of any general statutes which prescribe procedures or limitations applicable to the exchange of Armory Board property. But see V.T.C.S. art. 5421c-12 (sale or exchange of land by political subdivision).

"The word 'exchange' has a well-defined meaning and should be construed and given the usual and generally accepted meaning." Hoovel v. State, 69 S.W.2d 104, 103 (Tex. Crim. App. - 1934). An exchange is the "act of giving or taking one thing in return for another regarded as an equivalent." United States v. Paine, 31 F.Supp. 898, 900 (D. Mass. - 1940); Black's Law Dictionary 505 (5th ed. 1979); Webster's New International Dictionary 889 (2d ed. 1947). Hence, we conclude that, subject to the mineral reservation in article 5931-10, the legislature authorized the Armory Board to exchange state-owned property for a different property equally suitable for Armory Board purposes and with an established value at least as great as that of the state-owned property which would be exchanged.

## S U M M A R Y

The Texas National Guard Armory Board may exchange state-owned property for a different property with an established value at least as great as that of the state-owned property which would be exchanged.

p. 1049

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton